NEWYORK,
October, 1816.

HASTINGS
v
WOOD AND
CURTIS.
In a declaration in trespass on the case, it was alleged that the defendant, by false representations, procured certain cattle belonging to the plaintiff to be seized by a custom house officer, under pretence that they were about to be smuggled into *Canada*, and then proceeded to state that in consequence of those representations, the cattle *were convert ed and disposed of to the use of the United States;* it was held, that after a verdict for the plaintiff, it could not be intended from this allegation, that the cattle were condemned as forfeited to the *United States.*

### HASTINGS *against* WOOD AND CURTIS.

IN ERROR, from the court of common pleas of the county of *Franklin.*

This was an action of trespass on the case, brought by the defendants in error against the plaintiff in error. The declaration contained two counts: 1. A count in trover, for five yoke of oxen and five cows. 2. A special count, which stated that the plaintiffs below were possessed, as of their own property, of one yoke of oxen and one cow, which were feeding on the commons and public highway of the town of *Constable,* and that the defendant took up the said cattle, and impounded them upon his own premises; and while they were in his possession insinuated, represented, and affirmed, to one *Danforth,* then an inspector of the customs for the district of *Champlain,* that they were intended to be smuggled, and had been smuggled, into *Canada;* by reason of which false representations, *Danforth* was induced to seize the cattle, as forfeited to the use of the *United States,* and, as inspector of the customs, did seize them, still being in the possession of the defendant, and at his instance; in consequence of which false and malicious representations, they were converted and disposed of to the use of the *United States.*

The cause was tried at the *June* term, 1815, of the court below. At the trial, the plaintiff having closed his evidence, the defendant moved for a nonsuit; but the court permitted the cause to go to the jury, who found a verdict for the defendants in error. The counsel for the plaintiff in error excepted to the opinion of the court, and the bill of exceptions, with the record and pleadings, were removed into this court, by writ of error.

*Wendell,* for the plaintiff in error.

*Walworth,* contra.

*Per Curiam.* This case comes before the court on a writ of error, to the common pleas of *Franklin* county. The record is accompanied by a bill of exceptions. But the counsel, on the argument, abandoned all objections growing out of the bill of exceptions, and relied entirely upon an alleged defect in the se-

cond count in the declaration. This is a special count, for having fraudulently procured certain cattle belonging to the plaintiff to be seized by a custom house officer, under a pretence that they were about to be smuggled into *Canada*, contrary to the laws of the *United States ;* and alleged, that in consequence of such fraudulent conduct, *the said cattle were converted and disposed of to the use of the United States.* This, as is contended on the part of the defendant, is equivalent to an averment, that the cattle were condemned as forfeited to the *United States,* and, of course, that the plaintiff had no interest or title to them. This allegation will not fairly warrant the construction, that the cattle had been condemned as forfeited, but only that by the representations of the defendant, they had been seized and taken possession of by an officer of the *United States,* under a pretence of their being forfeited, and by such seizure were converted and disposed of to the use of the *United States,* and the plaintiff thereby deprived of them. We ought not to pretend, after verdict, that there was any proof or suggestion upon the trial of a condemnation. The judgment of the court below must, accordingly, be affirmed.

Judgment affirmed.